UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                                  Plaintiff,

    v.                                                          9:18-CV-1119
                                                                     (GLS/ATB)

CORRECTION OFFICER REGNER,

                                  Defendant.
_____

APPEARANCES:

DAMILOLA ANIMASHAUN
14-A-0061
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. BARBARA D. UNDERWOOD          KONSTANDINOS D. LERIS
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Damilola Animashaun commenced this civil rights action in the United States District Court for the Western District of New York alleging violations of his constitutional rights while he was in the custody of New York State Department of Corrections and Community Supervision (DOCCS) at Auburn Correctional Facility ("Auburn

1

C.F."). Dkt. No. 1 ("Compl."). By Order filed on October 2, 2017, (the "October Order"), the Honorable David G. Larimer granted Plaintiff's application to proceed in forma pauperis and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 10. On the basis of that review, the Court directed defendant Correction Officer Regner to respond to Plaintiff's Eighth Amendment claims.[1] *See generally* Dkt. No. 10. On July 9, 2018, Defendant filed an Answer. Dkt. No. 18.

On July 16, 2018, Defendant filed a motion to dismiss the Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, for an order transferring the matter to the United States District Court for the Northern District of New York. Dkt. No. 19. In a Decision and Order filed on August 14, 2018 (the "August Order"), Judge Larimer transferred this action to the Northern District. Dkt. No. 25.

Presently before the Court is Plaintiff's Motion for Default Judgment.[2] Dkt. No. 24. Defendant has opposed the motion. Dkt. No. 28.

## II. ANALYSIS

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a); *see also* N.D.N.Y L.R. 55.1. Second, the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see* N.D.N.Y L.R. 55.2(b). In determining whether to grant a judgment of default, "the court considers: 1) whether the

---

[1] The Court dismissed the claims against Regner in his official capacity. Dkt. No. 10.

[2] The Court notes that Plaintiff's submission is nearly illegible. This Court has expended considerable effort to discern the arguments set forth.

defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Robertson v. Dowbenko*, 443 F. App'x 659 (2d Cir. 2011).

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of the district court because it is in the best position to assess the circumstances of the case and to evaluate the good faith of the parties." *Shah v. New York State Dep't Civ. Serv*., 168 F.3d 610, 615 (2d Cir. 1999) (citation omitted). There is a "strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Here, Plaintiff moves for a default judgment, relying upon N.Y. C.P.L.R. § 312-a, arguing that Defendant failed to file an answer within thirty days of being served with the summons and Complaint. Dkt. No. 24 at 1, 3. Defendant claims that his answer was timely filed because he signed and returned the acknowledgment of service, thereby extending his time to answer for sixty days. Dkt. No. 28 at 2.

On April 10, 2018, service of the summons and Complaint upon Defendant was made by the U.S. Marshal Service through first-class mail pursuant to Fed. R. Civ. P. 4(e)(1)[3] and

---

[3] Fed. R. Civ. P. 4(e)(1) provides:

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

N.Y. C.P.L.R. § 312-a(b)(1).[4]  Dkt. No. 17.  On May 7, 2018, Defendant filed an executed acknowledgment of service, thereby completing service.  Dkt. No. 17; *see Pica v. Goo*, No. 12-CV-927, 2014 WL 2739278, at *2, n. 2 (W.D.N.Y. June 17, 2014) ("Service is not 'complete' until the defendant returns the signed acknowledgment of receipt of service by mail to the Marshals Service.").  The acknowledgment of service provided that, "[t]o avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form[.]"  *See id.*  The acknowledgment further provided, "[t]he time to answer expires twenty days after the day you mail or deliver this form to the sender."  *See id.*  Despite this language, as noted in the Docket Report, Defendant's answer deadline was July 9, 2018.[5]  Dkt. No. 17.

While not specifically cited, Defendant seemingly relies upon Fed. R. Civ. P. 4(d)(3) which provides:

> Time to Answer After a Waiver.  A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States.

From a review of the Docket Report and parties' submissions, it is clear that the deadlines set forth in the Docket Report, the acknowledgment of service, N.Y. C.P.L.R.

---

[4]  Section 312-a provides for Personal Service by Mail:

> Completion of service and time to answer:  1. The defendant, an authorized employee of the defendant, defendant's attorney or an employee of the attorney must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service.

[5]  At the time the Answer deadline was set, the case was still venued in the Western District.

4

§ 312-a, and Fed. R. Civ. P 4(d)(3) are conflicting. Courts in this Circuit have acknowledged the lack of "cases discussing whether the shorter time period under state law for service by mail should prevail over the waiver provisions in Rule 4(d)," but concede that "some courts have assumed without deciding that the time period prescribed by section 312-a applies." *Manson v. Simply Food LIC LLC*, No. CV 2009-4796, 2010 WL 376644, at *2 (E.D.N.Y. Jan. 26, 2010); *Lobaito v. Chase Bank*, No. 11 CIV. 6883, 2012 WL 3104926, at *7 (S.D.N.Y. July 31, 2012), *aff'd*, 529 F. App'x 100 (2d Cir. 2013) ("Were the Court to interpret the Acknowledgment Form as a notice and request to waive service under Fed.R.Civ.P. 4(d), [the defendant] would not be required to "serve an answer to the complaint until 60 days after the [Acknowledgment Form] was sent[.]"). In *Manson*, the court addressed the confusion surrounding the procedure and noted the "Wavier of the Service of Summons" form contained in the court's website provides for service of, "an answer or a motion under Rule 12 within 60 days[.]"[6] *See* http://www.uscourts.gov/sites/default/files/ao399.pdf (last visited Oct. 29. 2018).

    In this case, as in the *Manson* case, the court need not resolve the aforementioned discrepancies because a default judgment is not warranted. As an initial matter, Plaintiff's failure to request an entry of default by the Clerk of the Court in accordance with Rule 55(a)

---

[6]     In January 2018, N.D.N.Y. L.R. 4.1 was amended. Rule 4.1(e) provides:

> In cases where an acknowledgment of service by a defendant located within any judicial district of the United States has been properly requested, whether pursuant to Rule 4(d) of the Federal Rules of Civil Procedure or pursuant to N.Y. Civil Practice Law and Rules 312-a, the defendant shall have sixty days from the date the waiver request was sent to the defendant to answer or file a motion to dismiss plaintiff's complaint.

The Western District does not have an analogous Local Rule.

5

of the Federal Rules of Civil Procedure prior to filing his motion for entry of a default judgment requires that his motion be denied. *See American Alliance Ins. Co., Ltd. v. Eagle In. So.*, 92 F.3d 57, 59 (2nd Cir. 1996). Moreover, Plaintiff has failed to establish that he suffered any prejudice or that Defendant's delay in appearing was willful. Rather, from a review of the docket, it is clear that Defendant is actively defending and participating in this action. On July 9, 2018, Defendant appeared in this action and provided an Answer based upon counsel's reliance upon the Docket Report and Rule 4(d). Dkt. No. 18. On July 16, 2018, Defendant filed a motion to dismiss based upon improper venue. Dkt. No. 19. "Given the Second Circuit's preference for deciding cases on the merits and the lack of prejudice to plaintiff, permitting entry of default would be inappropriate." *Manson*, 2010 WL 376644, at *2.

Accordingly, Plaintiff's motion for default, (Dkt. No. 24), is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

October 29, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

6